UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MITCHELL ANTHONY SLAUGH,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 4:16-CV-05069-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 20. Attorney David L. Lybbert represents Mitchell Anthony Slaugh (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits (DIB) on November 14, 2012 alleging disability since October 14, 2012 and an application for Supplemental Security Income (SSI) on December 20, 2012 alleging disability since December 3, 2010. Tr. 106, 117, 207-222. Plaintiff alleged disability due to

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

bipolar disorder, sleep apnea, insomnia, Chiari Type I Malformation, and anxiety. Tr. 267. The applications were denied initially and upon reconsideration. Tr. 144-151, 154-165. Administrative Law Judge (ALJ) Jo Hoenninger held a hearing on September 3, 2014 and took testimony from Plaintiff and vocational expert, Daniel McKinney. Tr. 39-95. At the hearing, October 14, 2012 was identified as the alleged date of onset for both claims. Tr. 46. The ALJ issued an unfavorable decision on October 31, 2014. Tr. 20-33. The Appeals Council denied review on March 29, 2016. Tr. 1-7. The ALJ's October 31, 2014 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 26, 2016. ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 28 years old as of October 14, 2012. Tr. 207. Plaintiff has completed some college. Tr. 268, 396. He reported that he stopped working on October 15, 2012 because of his conditions. Tr. 267. His reported work history includes work in database entry, automotive maintenance, software development, food manufacturing, car dealership, manufacturing, telemarketing, shipping, insulation, and furniture. Tr. 255, 295.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v.*

*Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On October 31, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 14, 2012. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: mild Chiari I Malformation; migraine headaches; substance addiction disorder; and bipolar disorder. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

At step four, the ALJ assessed Plaintiff's residual function capacity to perform a full range of work at all exertional levels with the following nonexertional limitations:

> The claimant is limited to frequent climbing of ramps and stairs, and occasional climbing of ladders, ropes, and scaffolds. The claimant is also limited to frequent balancing. The claimant should avoid concentrated exposure to hazards, such as unprotected heights and exposed moving mechanical parts. The claimant has no limitation in his ability to understand or remember. The claimant has sufficient concentration, persistence, and pace to complete simple, routine tasks for a normal workday and workweek with normal breaks. The claimant would not, however, be able to maintain sufficient concentration, persistence, and pace to complete more complex tasks.

Tr. 24-25. The ALJ identified Plaintiff's past relevant work as sandwich maker, shipping and receiving clerk, home attendant, computer programmer, material handler, furniture mover/driver, telemarketer, and food sales clerk. Tr. 31. The ALJ found Plaintiff would be able to perform his past relevant work as a sandwich maker. Tr. 31.

In the alternative to an unfavorable determination at step four, the ALJ found

at step five that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of small products assembler, janitor/industrial cleaner, and hand packager. Tr. 31-32. Therefore, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 14, 2012 through the date of the ALJ's decision, October 31, 2014. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends (1) the ALJ failed to properly credit Plaintiff's symptom statements, (2) substantial evidence supports a finding of disability, and (3) the ALJ erred in her steps four and five determinations.[1]

## DISCUSSION

**A.     Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that his symptoms statements were less than fully credible. ECF No. 18 at 15-17.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific

---

[1]Plaintiff identified issues with the ALJ's step five analysis and the ALJ's treatment of Plaintiff's bipolar disorder in his "ISSUES" section of the briefing. ECF No. 18 at 2. However, in the text of the briefing, Plaintiff argued that the hypothetical presented to the vocational expert was incomplete because it was missing limitations that allegedly result from Plaintiff's bipolar disorder. *Id*. at 18-19. Therefore, the Court presents the issue of the hypothetical to the vocational expert and its effect on steps four and five as a single issue for clarity.

cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms. Tr. 26. The ALJ reasoned that Plaintiff was less than fully credible because (1) his "candid statements to treating providers are not consistent with allegations of disabling functional impairments," (2) his "reported activities of daily living are also inconsistent with allegations of disabling functional impairments," (3) his reported limitations were inconsistent with the medical record. Tr. 26-27.

Plaintiff failed to challenge any of the ALJ's reasons for finding him less than fully credible. Instead, Plaintiff simply asserted "None of the reasons offered by the ALJ are clear and convincing of evidence that Mr. Slaugh is not credible." ECF No. 18 at 17. Considering Plaintiff's failure to challenge the ALJ's reasons with specificity, the Court cannot consider his vague assertions. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening

brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[2] Moreover, the Ninth Circuit has repeatedly admonished that the Court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the court declines to consider this issue.

**B.     Substantial Evidence**

Plaintiff argues that substantial evidence supports a determination that Plaintiff is disabled. ECF No. 18 at 17-18. Plaintiff specifically argues that evidence submitted to the Appeals Council must be considered by the Court and that the statements of John Wurst, M.D., Nathan Henry, Psy.D., and Patricia Kraft, Ph.D. support a finding of disability. *Id*.

If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague*, 812 F.2d at 1229-1230. The Court must consider evidence that was submitted to the Appeals Council in determining whether the ALJ's determination is supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

While there were three medical exhibits added to the record at the Appeals Council, Tr. 664-672, Plaintiff failed to provide any argument on how this evidence resulted in the ALJ's decision not being supported by substantial

---

[2]Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

evidence. As such, the Court declines to consider these issues. *See Carmickle*, 533 F.3d at 1161 n.2.

## C. Step Four and Five

Plaintiff argues that the ALJ errored at steps four and five by providing a hypothetical with an incomplete residual functional capacity to the vocational expert. ECF No. 18 at 18-19. He asserts that his inability to deal with supervisors, co-workers, or the public would have eliminated all past relevant work at step four and that missing work would render him unemployable at step five. *Id*.

A claimant's residual functional capacity is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining residual functional capacity as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs."). In formulating a residual functional capacity determination, the ALJ weighs medical and other source opinions and also considers the claimant's credibility and ability to perform daily activities. *See*, *e.g.*, *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). An ALJ is only required to present the vocational expert with those limitations the ALJ finds to be credible and supported by the evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001).

Here, Plaintiff failed to properly challenge the ALJ's credibility determination and treatment of medical source opinions. *See supra*. Because the Court does not consider issues not properly raised, there is no basis to revisit the residual functional capacity. The Court finds that the ALJ cited substantial evidence in support of the residual functional capacity determination, and that Plaintiff has not shown that the determination was in error.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED August 28, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE